*Formatted for Electronic Distribution*                                                                                               *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

Filed & Entered
On Docket
April 29, 2015

**In re:**

    Lisa Marie Carpenter                                            Chapter 7 Case

              Debtor.                                                  #15-10046

| *Appearances:* | Grace Pazden, Esq. | K. James Malady, III, Esq. |
|---|---|---|
| | Vermont Legal Aid | Bennington, Vermont |
| | Montpelier, Vermont | For Bennington Housing Authority |
| | For the Debtor | |

## MEMORANDUM OF DECISION
### GRANTING DEBTOR'S MOTION AND DECLARING EXCEPTION TO AUTOMATIC STAY DOES NOT APPLY

        On February 4, 2015, Lisa Marie Carpenter filed a petition for relief under Chapter 7 of the Bankruptcy Code. Approximately three weeks later, Ms. Carpenter filed a motion asking this Court to enter an order excusing her from complying with the Bankruptcy Code provision requiring debtors – such as she – whose landlords obtained a judgment and right to possession of rental premises pre-petition, to cure the pre-petition rental arrearage within thirty days of filing for bankruptcy relief. The Debtor asserts she is entitled to this waiver because her landlord is a government entity and the anti-discrimination provision of the Bankruptcy Code prohibits a landlord who is a "governmental unit" from conditioning continued occupancy on the payment of pre-petition rent. This is an issue of first impression in this Court, so the Court enters this memorandum of decision to memorialize, and further articulate the rationale for, its April 10, 2015 oral ruling that granted the Debtor's motion.

### JURISDICTION

        This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered by Chief Judge Christina Reiss on June 22, 2012.

        The Court declares that this contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G), (M) and (O), and that this Court has constitutional authority to enter a final judgment in this matter.

1

## PERTINENT STATUTES

Once Lisa Marie Carpenter (the "Debtor") commenced this bankruptcy case, the automatic stay protected her – as it protects all debtors – from suits and enforcement actions by creditors.[1] See 11 U.S.C. § 362.[2] Generally, the automatic stay prevents a broad variety of actions that would affect the debtor, property of the debtor, or property of the bankruptcy estate. See Small Business Admin. v. Rinehart, 887 F.2d 165, 167 (8th Cir. S.D. 1989); Ramirez v. Fuselier (In re Ramirez), 183 B.R. 583, 587 (B.A.P. 9th Cir. Cal. 1995); General Motors Acceptance Corp. v. Yates Motor Co., 159 Ga. App. 215, 217 (Ga. Ct. App. 1981). The automatic stay is, however, subject to some exceptions. The exception the Debtor asks the Court to address provides as follows:

> (b) The filing of a petition under section 301, 302, or 303 of this title ... <u>does not operate as a stay</u>—
> 
>   (22) subject to [§ 362](l), under [§ 362](a)(3), <u>of the continuation of any eviction</u>, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which <u>the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor</u>;

11 U.S.C. § 362(b)(22) (emphasis added). In effect, this subsection authorizes a landlord which obtained a judgment for possession of the Debtor's property prior to the commencement of the bankruptcy case, to proceed with enforcing that judgment, and evicting the tenant, notwithstanding the bankruptcy filing, unless the debtor –tenant meets the requirements of subsection *(l)*. Subsection *(l)* states, in relevant part:

> *(l)*
>   (1) Except as otherwise provided in this subsection, subsection (b)(22) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that--
>     (A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and
>     (B) the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition.
>   (2) If, within the 30-day period after the filing of the bankruptcy petition, the debtor (or an adult dependent of the debtor) complies with paragraph (1) and files with the court and serves upon the lessor a

---

[1] Subject to some exceptions not pertinent here.
[2] All statutory citations refer to Title 11 United States Code (the "Bankruptcy Code") unless otherwise indicated.

2

> further certification under penalty of perjury that the debtor (or an adult dependent of the debtor) has cured, under nonbankruptcy law applicable in the jurisdiction, the entire monetary default that gave rise to the judgment under which possession is sought by the lessor, subsection (b)(22) shall not apply, unless ordered to apply by the court under paragraph (3).

11 U.S.C. § 362*(l)*. Put more plainly, if within the thirty-day period following the filing of the bankruptcy petition, the debtor-tenant cures the entire pre-petition default, pursuant to subsection *(l)*(2), then, the subsection (b)(22) exception will not be triggered and the landlord will be stayed from enforcing its rights under the pre-petition judgment. By contrast, if the debtor-tenant fails to cure the pre-petition default within thirty days of filing, then, the subsection (b)(22) exception to the stay comes into effect, and the lessor may enforce its judgment for possession, notwithstanding the debtor's filing of a bankruptcy petition.

The Debtor asserts that the anti-discrimination provision of the Bankruptcy Code, § 525, excuses her from complying with the § 362*(l)*(2) requirement and precludes the landlord from exercising rights under the stay exception of § 362(b)(22). The anti-discrimination statute states, in pertinent part:

> (a) Except as provided in [statutes not relevant to the instant inquiry] … <u>a governmental unit may not deny</u>, revoke, suspend, <u>or refuse to renew a license</u>, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against … a person that is or has been a debtor under this title … <u>solely because such bankrupt or debtor</u> is or has been a debtor under this title … or <u>has not paid a debt that is dischargeable in the case under this title</u> ...

11 U.S.C. § 525(a) (emphasis added).

## PROCEDURAL HISTORY

The Debtor rents the apartment where she resides from Bennington Housing Authority ("BHA"). Pre-petition, the Debtor defaulted in her rent payment obligations to BHA and BHA obtained an eviction judgment. On February 4, 2015, BHA obtained a writ of possession. The Debtor commenced this bankruptcy case on that same day.

In light of the status of her litigation with BHA, when the Debtor filed her petition she also filed the documents and check necessary to comply with § 362*(l)* and Vt. LBR 4001-2: The record reflects that the Debtor filed, and served upon BHA, a statement that she would be permitted, under nonbankruptcy law, to cure the entire monetary default giving rise to the eviction judgment after the judgment was entered; she also deposited a check for the rent that would become due during the 30-day period after the filing of the petition. Once she did this, by operation of law, (i) BHA was stayed from enforcing its eviction judgment for the thirty days following the filing of the bankruptcy petition, and

3

(ii) the Debtor had to cure the entire pre-petition default within that thirty-day period, i.e., by March 6, 2015. See § 362(b)(22) and *(l)*(1)-(2).

However, rather than paying the pre-petition arrears during that thirty-day period, the Debtor filed a motion for relief from the effect of § 362(b)(22) (doc. # 12, the "Motion"). She asserts that, under Second Circuit case law, the anti-discrimination provision of the Bankruptcy Code (§ 525) prohibits BHA from exercising its rights under the pertinent exception of the automatic stay for landlords who obtained a right to possession of the premises pre-petition (§ 362(b)(22)) even if the Debtor does not pay the pre-petition rent arrears as required by the Code (§ 362*(l)*(2)). BHA objected to the Motion, however it did not file a memorandum or law in support of its objection, or address the bankruptcy statutes and case law upon which the Debtor relies in its objection.

On April 10, 2015, the Court held a hearing on the Motion at which the Debtor appeared by her attorney and BHA did not appear. Based upon the undisputed facts, the record in this case, as well as the Court's finding that the Second Circuit case upon which the Debtor relies controls the outcome here, the Court entered an oral ruling granting the Debtor's motion.

## ISSUES PRESENTED

The Motion requires the Court to determine whether the anti-discrimination provision of the Bankruptcy Code provides the Debtor with stay protection to which she would not be entitled if her landlord were not a governmental unit. Second, the Motion raises the issue of whether Second Circuit case law that was decided prior to enactment of the stay exception at issue is still binding precedent.

## DISCUSSION

Ordinarily, since the landlord obtained an eviction judgment and writ of possession pre-petition, and the Debtor did not cure the pre-petition default during the thirty-day period following her filing of the instant bankruptcy case, the landlord would be able to proceed with enforcement of its rights, pursuant to the stay exception set out in § 362(b)(22). What distinguishes the instant contested matter from the typical landlord-tenant scenario governed by § 362(b)(22) is that the landlord is a governmental unit and the Debtor is a public housing tenant. Under § 525(a) of the Bankruptcy Code, also known as the anti-discrimination provision of the Code, a governmental unit may not discriminate against a person with respect to certain grants solely because that person has had a debt discharged in bankruptcy. The Debtor argues that § 525(a) trumps § 362(b)(22) and that this exception to the automatic stay does not apply where the landlord is a public housing authority. The seminal case addressing § 525(a) in this context is from the Second Circuit, Stoltz v. Brattleboro Hous. Auth. (In Re Stoltz), 315 F.3d 80, 86 (2d Cir. Vt. 2002). The Debtor asserts the Stoltz case controls and supports the relief she seeks.

4

In <u>In re Stoltz</u>, the Second Circuit examined the conflict between the Bankruptcy Code's anti-discrimination mandate, in § 525(a), and the Bankruptcy Code's articulation of lessor and lessee rights post-bankruptcy, set out in § 365. In that case, the Debtor had not paid pre-petition rent and was seeking to assume the lease and retain possession of her apartment without curing the pre-petition arrears, over the landlord's strenuous objection. The Second Circuit ruled that § 525(a) precludes a public housing authority from evicting a debtor-tenant from public housing based on nonpayment of discharged, pre-petition rent, even though under § 365 other lessors would have the right to evict such a tenant. The <u>Stoltz</u> court did not address § 362(b)(22) since the decision was rendered in 2002 and § 362(b)(22) was not enacted until 2005 (as part of the "Bankruptcy Abuse Prevention and Consumer Protection Act," known as "BAPCPA").

Post-BAPCPA, several bankruptcy courts have addressed whether <u>Stoltz</u> and the anti-discrimination provision of the Code apply to the analysis of § 362(b)(22), and concluded that this stay exception is indeed subject to § 525. <u>See</u> <u>In re Aikens</u>, 503 B.R. 603 (Bankr. S.D.N.Y. 2014); <u>In re Kelly</u>, 356 B.R. 899, 901 (Bankr. S.D. Fla. 2006). In <u>In re Kelly</u>, Judge Mark succinctly observed:

> [i]f a public housing debtor does not have to cure prepetition defaults under § 365, that same debtor should not be required to cure the defaults under § 362*(l)* in order to stop an eviction. Section 525(a) allows a Chapter 7 debtor to stay in his or her public housing unit even though prepetition rent arrearages are being discharged. ... [T]he addition of § 362(b)(22) in BAPCPA does not change that result.

<u>In re Kelly</u>, 356 B.R. at 901. More recently, a bankruptcy court within the Second Circuit considered the applicability of <u>Stoltz</u> and § 525(a) to a public landlord's rights under § 362(b)(22). After a careful and thorough analysis, Judge Gerber held that public housing tenants' protections under § 525(a) trump the landlord's exception to stay rights set out in § 362(b)(22). He articulated his rationale this way:

> … For tenants who have the benefit of public housing, section 525(a) of the Bankruptcy Code trumps section 362(b)(22), and the [d]ebtor can't lose her right to continued occupancy of public housing by reason of her failure to pay prepetition debt. So long as she continues to pay her postpetition debt (as to which the Housing Authority's rights necessarily must be reserved and preserved), she will be protected by the automatic stay.
> …
>    And as the Second Circuit explicitly held in <u>Stoltz,</u> "section 525(a) protects debtor-tenants like Stoltz from eviction for nonpayment of discharged prepetition rent...." The <u>Stoltz</u> court so ruled even though it recognized that section 525(a) was in conflict with section 365 (which as a general matter requires cures of *all* prepetition defaults).
> …
>    Those same principles apply here. Here, there is the same type of conflict—this time between 525(a) and 362(b)(22). The latter applies to all landlord and tenant relationships, public and nonpublic alike. Like section 365, it too is more general.

5

> And as section 525(a) applies to the subset of such relationships that are with governmental units alone, it is the more specific. Just as the <u>Stoltz</u> court concluded that 525(a) trumped section 365, section 525(a) does likewise with respect to 362(b)(22)—the latter of which, once again, applies to all landlord-tenant relationships, public and non-public alike.

<u>In re Aikens</u>, 503 B.R. 603, 606-607 (internal citations and quotations excluded).

The Court finds this analysis to be sound, well-founded, and persuasive, and therefore, adopts the reasoning of <u>In re Kelly</u> and <u>In re Aikens</u>. The Court concludes that, in light of the prohibition against bankruptcy-based discrimination by governmental entities, BHA is prohibited from exercising the rights set out in the § 362(b)(22) stay exception notwithstanding the Debtor's failure to pay the pre-petition rent arrearages generally required by § 362*(l)*. The Court relies upon <u>In re Stoltz</u> as the controlling precedent in this contested matter, and finds that <u>Stoltz</u> requires this Court to apply the anti-discrimination provision of the Bankruptcy Code to the § 362(b)(22) stay exception in the same manner as that anti-discrimination mandate applies to the § 365 lease assumption requirements.

## CONCLUSION

For the reasons set forth above, the Court grants the Debtor's motion and finds the exception to the automatic stay set forth in § 362(b)(22) does not apply in this case.

This memorandum constitutes the Court's findings of fact and conclusions of law.

April 29, 2015  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge